131 Cal.Rptr.2d 760 (2003)
106 Cal.App.4th 336
Burgin CLARK, a Minor, etc., et al., Plaintiffs and Respondents,
v.
FAIR OAKS RECREATION AND PARK DISTRICT, Defendant, Cross-Complainant and Appellant, Columbia Cascade, Defendant, Cross-Defendant and Respondent.
No. C038830.
Court of Appeal, Third District.
March 11, 2003.
Review Denied May 14, 2003.[*]

*761 ORDER DENYING REHEARING
THE COURT.
Appellant Fair Oaks Recreation and Park District (Fair Oaks) petitions for rehearing.
Appellant Fair Oaks contended in its opening brief that it was entitled to equitable indemnity from Columbia Cascade. In our opinion, we rejected this argument, although we used a legal theory not tendered by Columbia Cascade.
Fair Oaks contends rehearing is mandated by Government Code section 68081 (section 68081) because this court allegedly decided an issue not briefed by the parties.
As we shall explain, Fair Oaks's position does not accurately reflect the meaning of section 68081 and the petition for rehearing is not meritorious.
Section 68081 provides: "Before the Supreme Court, a court of appeal, or the appellate division of a superior court renders a decision in a proceeding other than a summary denial of a petition for an extraordinary writ, based upon an issue which was not proposed or briefed by any party to the proceeding, the court shall afford the parties an opportunity to present their views on the matter through supplemental briefing. If the court fails to afford that opportunity, a rehearing shall be ordered upon timely petition of any party."
The legislative history of the enactment of section 68081 indicates that the court may apply rules, principles, or theories of law to the issues raised by the parties without affording mandatory supplemental briefing. The language of Senate Bill No. 2321 was amended prior to enactment to substitute the word "issue" for the phrase "a rule, principle, or theory of law" in the language of section 68081. (Assem. Amend, to Sen. Bill No. 2321 (1986 Reg. Sess.) July 9, 1986.) Doubtless this change reflects a desire to avoid an endless cycle of mandatory rehearings that could be broken only by the court parroting the briefs of one of the litigants.
The opinion in this case was not based upon an "issue" that was not proposed or briefed by any party. To the contrary, the issue of whether Fair Oaks was entitled to equitable indemnity was briefed by the parties. That the court adopted a theory of law not proposed by the parties does not mandate rehearing.
The other grounds for rehearing asserted by Fair Oaks are not meritorious but do not warrant further discussion.
The petition for rehearing is denied.
NOTES
[*] In denying review, the Supreme Court ordered that the opinion be not officially published. (See California Rules of Court - Rules 976 and 977).